IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**LASHARIS T. ALFORD**                                                     **PETITIONER**

**v.**                         **No. 1:26-cv-3-GHD-RP**

**BURL CAIN**                                                        **RESPONDENT**

### ORDER TRANSFERRING CASE TO THE
### FIFTH CIRCUIT COURT OF APPEALS

This matter comes before the court, *sua sponte*, for consideration of the transfer of this cause. Lasharis T. Alford has submitted a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254. The petitioner was convicted as a habitual offender in the Circuit Court of Clay County for charges of murder and possession of a firearm by a convicted felon and sentenced to life without parole on January 18, 2007.

The petitioner has filed at two other unsuccessful 2254 motion concerning the same conviction which he now seeks to challenge. See *Lasharis Alford v. Ron King, et al*., 1:10-cv-323-MPM-DAS and *Lasharis Alford v. Ronald King, et al*., 1:18-cv-150-DMB-DAS.

The Antiterrorism and Effective Death Penalty Act requires that before a district court files a second or successive petition, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." The petitioner has not obtained such an order. Rather than dismissing the petition on this basis, the Fifth Circuit permits district courts to transfer the petition for consideration pursuant to 28 U.S.C. § 2244(a) and (b)(3)(c). *See In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997). Therefore, in the interest of justice and judicial economy, it is **ORDERED:**

1) That this petition will be transferred to the Fifth Circuit Court of Appeals for the petitioner to seek leave to file this successive § 2254 petition;

2) That the Clerk of Court is **DIRECTED** to **TRANSFER** this petition and the entire record to the Fifth Circuit Court of Appeals in accordance with 28 U.S.C. § 2244(a) and (b)(3)(c), and *In re Epps*, 127 F.3d at 365; and

3) This case is **CLOSED.**

**SO ORDERED**, this, the 9th day of January, 2026.

_____
**U.S. DISTRICT JUDGE**